IN RE PETITION FOR TRANSFER OF FUNDS BY PERRY TOWNSHIP.

(No. 10770 — Decided June 24, 1988.)

*Lee C. Falke,* prosecuting attorney, and *Michael Russell,* for appellants Perry Township Trustees.

*Gary E. Zuhl,* for appellee village of Brookville.

*John R. Wykoff,* for village of New Lebanon.

BROGAN, J. This case comes to us from a petition to transfer excess funds from a special Fire District Fund to a township general fund brought by the petitioners, the Trustees of Perry Township, in the Court of Common Pleas of Montgomery County. The common pleas court held a hearing at which the villages of New Lebanon and Brookville ("the villages") opposed the petition. This appeal arises out of the common pleas court's decision to deny the petition.

The pertinent facts are simple. A vote by the citizens of Perry Township, which includes the citizens of New Lebanon and Brookville, approved a special tax levy for the purpose of providing fire protection. Township fire protection is provided by contracts with the villages providing for the payment of $42,000 to each village. The contracts and the levy each run through 1989. The villages provide their own police protection and have their own central government facilities.

The Perry Township Trustees predict a surplus at the end of 1987 of

approximately $40,000 in the Fire District Fund, which is where the money from the fire prevention levy is held. The trustees want to transfer $30,000 of the surplus from the Fire District Fund to the township's General Fund to help pay for renovations to an old building so that it may become a new central government building housing the township clerk, the township zoning inspectors, township meetings and the township police department.

A petition to transfer funds was sent to the state Tax Commissioner. The commissioner ruled that the transfer was in compliance with R.C. 5705.15 and 5705.16, and therefore he approved the request to file the petition with the common pleas court. The common pleas court held a hearing and then denied the petition to transfer funds based on that court's reading of R.C. 5705.14 and 5705.15. It is from that decision that this appeal was taken.

The appellant petitioners assert three assignments of error:

"1. The trial court erred in finding that the 'unexpended balance in the fire fund as of the date of the hearing and all the estimated fire levy tax revenues not yet collected may be insufficient to pay for and satisfy all the fire protection needs of Perry Township's residents.'

"2. The trial court erred in finding that section 5705.14(D) was applicable to the transfer of fire funds to the General Fund of Perry Township, Ohio.

"3. The trial court erred in finding that injury would result from the transfer of $30,000.00 from the fire fund to the General Fund of Perry Township by citing 'a potential injury to those residents.' "

We will address the second assignment of error first since our conclusion under that assignment will render assignments of error numbers one and three moot.

The first assignment of error alleges that R.C. 5705.14(D) does not apply to the requested transfer of funds. We disagree.

The nature of the funds being transferred in this case is of paramount importance. What we have before us are funds raised by a specific tax levy for the specific purpose of providing fire protection to Perry Township. Both the intention of the legislators in drafting the provisions of R.C. 5705.01 *et seq.* applying to tax levies and the ruling of this court are bound by Section 5, Article XII of the Ohio Constitution, which states:

"No tax shall be levied, except in pursuance of law; and every law imposing a tax shall state, distinctly, the object of same, to which only, it shall be applied."

This prevents taxes levied for a specific purpose which the voters approve being used for a purpose the voters did not approve. With this in mind we can address the applicable statutes pertaining to transfers of tax monies between funds.

R.C. 5705.09 establishes the various funds in which tax dollars can be kept. R.C. 5705.09(D) provides that a special fund be set up for each special levy. In the case before us, the Fire District Fund was set up to hold the proceeds from the special fire protection levy. Therefore, the Fire District Fund is such a special fund.

Transfers of money from one fund to another are limited by R.C. 5705.14 and 5705.15, and the procedures for transfer are laid out in R.C. 5705.16. Transfers of the unexpended balance of a special fund to a general fund are limited by R.C. 5705.14(D), which allows such a transfer only "* * * after the termination of the activity, service, or other undertaking for which the special fund existed * * *." In the case

at bar, the undertaking for which the Fire District Fund existed is the provision of fire prevention to the residents of Perry Township. The common pleas court concluded, and we agree, that the need for fire protection will continue indefinitely. This need is not terminated by paying for this year's fire protection. Additional need may arise above and beyond that provided for in the contracts with the two villages. The need does not terminate. Therefore, no transfer of funds can occur under R.C. 5705.14(D).

R.C. 5705.14(D) does not conflict with Section 5, Article XII of the Ohio Constitution. It acts much like the doctrine of *cy pres* which is used to determine the distribution of a testamentary trust in perpetuity when the original purpose of the devise cannot possibly be carried out. Likewise, R.C. 5705.14(D) allows special levy funds to be distributed to other places of need when the original purpose of the levy cannot possibly be carried out.

Another provision providing for transfers of public funds is R.C. 5705.15, which contains the following general language:

"In addition to the transfers authorized in section 5705.14 of the Revised Code, the taxing authority of any political subdivision may, in the manner provided in this section and section 5705.16 of the Revised Code, transfer from one fund to another any public funds under its supervision, except the proceeds or balances of loans, bond issues, special levies for the payment of loans or bond issues, the proceeds or balances of funds derived from any excise tax levied by law for a specified purpose, and the proceeds or balances of any license fees imposed by law for a specified purpose."

While it seems that this provision would allow the transfer of funds from any special levy to a general fund in addition to the method provided in R.C. 5705.14(D), allowing this type of transfer would be unconstitutional according to Section 5, Article XII of the Ohio Constitution, prohibiting the use of funds raised by a levy for a specific purpose for any other purpose than that specified. This is exactly the type of transfer the Constitution intended to prohibit. See *State, ex rel. Walton,* v. *Edmondson* (1913), 89 Ohio St. 351, 364, 106 N.E. 41, 45. Therefore, as applied to funds from special levies enacted for a particular purpose being moved to funds which may be expended for a different purpose, R.C. 5705.15 is unconstitutional and we refuse to apply it to allow the requested transfer in this case. Transfer of the funds requested by the petition was properly denied below.

The residents of the villages who vote for and receive benefit from the payment of taxes imposed by the special fire protection levy would receive no benefit from the construction of a township building which duplicates services provided to them by the villages. We suggest that if the people of Perry Township want to pay for a central government building, they should vote for a levy to do so. Otherwise, surplus to pay for this buiding may be obtained from one of the township's general funds from general taxes. We also suggest that if the surplus in the Fire District Fund cannot be used on current fire prevention needs, in the future this special tax should be levied at a rate less than approved. While lowering the tax rate is not a novel idea, it would surely make for a pleasant surprise to the township taxpayers.

The second assignment of error is not well-taken.

The first and third assignments of error can have no impact on the outcome of this appeal. The sufficiency of the fire fund to meet the obligation is irrelevant, as is whether or not this

4

transfer would create injury. The only factual inquiry of any relevance was whether or not the activity, service or undertaking for which the special fund existed had terminated according to R.C. 5705.14(D). Mr. Hough, a township trustee, testified at the hearing that Perry Township had a continuing need for fire protection. The common pleas court found likewise. The findings below were therefore proper and these two assignments of error are moot.

The first and third assignments of error are not well-taken.

The judgment below is affirmed.

*Judgment affirmed.*

WILSON and FAIN, JJ., concur.